**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**MICHAEL D. TAYLOR,**

**Plaintiff,**

**v.** **Case No. 3:25-cv-00344**

**WV DEPARTMENT OF CORRECTIONS, WV STATE NURSING BOARD, PUTNAM COUNTY SHERIFF'S DEPARTMENT, WV PUBLIC EMPLOYEES,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are the pro se Complaint filed pursuant to 42 U.S.C. § 1983 and the Application to Proceed Without Prepayment of Fees and Costs, both filed by Shannon L. Taylor on behalf of Plaintiff Michael D. Taylor. (ECF Nos. 1, 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

As discussed below, Plaintiff was directed to file an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs, both prepared and signed by Plaintiff, after the Court determined that the original filings had been prepared and signed by an individual who could not represent Plaintiff in this action. (ECF No. 4). Plaintiff failed to comply with that directive and was subsequently afforded an additional opportunity to do so through the Court's Order to Show Cause. (ECF No. 7). Despite the Court's explicit warning that failure to comply would result in a recommendation of

dismissal, Plaintiff has neither submitted the required documents nor otherwise responded to the Court's Order. Accordingly, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and failed to comply with the Court's Orders and respectfully **RECOMMENDS** that the Complaint, (ECF No. 2), be **DISMISSED WITHOUT PREJUDICE**, the pending Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED** as **MOOT**, and this civil action be **REMOVED** from the docket of the Court.

## I. Relevant Facts and Procedural History

Plaintiff Michael D. Taylor is proceeding pro se in this action, and his most recent address of record is in Scott Depot, West Virginia. On May 27, 2025, Shannon L. Taylor filed a Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed Without Prepayment of Fees and Costs on Plaintiff's behalf. (ECF Nos. 1, 2). Although Shannon L. Taylor is separately identified as a plaintiff on the docket, the filings were submitted on behalf of Michael D. Taylor and signed by Shannon L. Taylor. (*Id.*). The Complaint names the West Virginia Department of Corrections, West Virginia State Nursing Board, Putnam County Sheriff's Department, and West Virginia Public Employees as Defendants. (ECF No. 2). Plaintiff's allegations concern the alleged denial of prescribed medications and adequate medical treatment during his incarceration at Western Regional Jail, as well as circumstances surrounding his March 2025 arrest in Putnam County. (*Id.*). The Complaint also describes the effects of Plaintiff's incarceration and criminal proceedings on his family. (*Id.*). Plaintiff seeks relief for alleged violations of his constitutional rights and state law but does not specify a monetary amount. (ECF No. 2 at 5).

On April 1, 2026, the Court entered an Order addressing Plaintiff's reliance on a lay representative to pursue this action. (ECF No. 4). The Court explained that Shannon

L. Taylor, as a non-attorney, could not represent Plaintiff in federal court and that the Complaint and Application to Proceed Without Prepayment of Fees and Costs had not been properly executed by Plaintiff. (*Id.*). Accordingly, the Court directed Plaintiff to file, on or before May 1, 2026, an Amended Complaint containing all relevant facts, legal arguments and theories, and asserted grounds for his claims in one document, as well as a new Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). The Court further directed that both documents be personally signed and filed by Plaintiff and that Plaintiff refrain from filing additional motions or documents prepared or executed by anyone other than himself. (*Id.*). Plaintiff was expressly notified that failure to comply with these requirements would result in a recommendation that this action be dismissed. (*Id.*).

On May 4, 2026, Plaintiff's copy of the April 1, 2026, Order was returned as undeliverable from the Western Regional Jail and Correctional Facility. (ECF No. 5). The Clerk remailed the Order that same day to Plaintiff at the Scott Depot, West Virginia, address provided in the original Complaint and updated Plaintiff's address on the docket accordingly. (*Id.*). Plaintiff did not file the required Amended Complaint or new Application to Proceed Without Prepayment of Fees and Costs by the May 1, 2026, deadline, nor did he otherwise communicate with the Court regarding his intent to pursue this action.

On August 26, 2026, the Court entered an Order to Show Cause directing Plaintiff to comply with the April 1, 2026, Order by filing an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs, both prepared and signed by Plaintiff, and to show cause in a separate written filing why this action should not be dismissed. (ECF No. 7). Plaintiff was given through and including September 25, 2026, to

comply and was expressly notified that failure to do so would result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with a court order. (*Id.*). The Clerk was directed to provide Plaintiff with a copy of the April 1, 2026, Order, a blank civil rights complaint form, and a blank Application to Proceed Without Prepayment of Fees and Costs. (*Id.*). The docket does not reflect that the Order to Show Cause was returned as undeliverable.

Despite the additional opportunity to comply, Plaintiff did not file an Amended Complaint, submit a new Application to Proceed Without Prepayment of Fees and Costs, or respond to the Order to Show Cause by the September 25, 2026, deadline. To date, Plaintiff has not complied with either of the Court's Orders or otherwise indicated his intent to prosecute this action.

## II. Discussion

For the reasons contained herein, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and failed to comply with the Court's Orders, warranting dismissal pursuant to Federal Rule of Civil Procedure 41(b). Despite being afforded multiple opportunities to submit an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs, both prepared and signed by Plaintiff, he has failed to do so. Moreover, Plaintiff has neither responded to the Court's Order to Show Cause nor otherwise explained his failure to comply with the Court's directives. Accordingly, the undersigned **FINDS** that dismissal without prejudice is warranted.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases

and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)") codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, dismissal may be appropriate in circumstances where a plaintiff has lost interest in prosecuting an action.

The appropriateness of an involuntary dismissal "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendants caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). While these factors guide the Court's analysis, a rigid application is not required, particularly where a litigant has ignored an explicit warning that failure to comply with a court order may result in dismissal. *Ballard*, 882 F.2d at 95-96; *see also Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished) ("A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim.").

Having considered each of these factors and the circumstances of this case, the undersigned concludes that dismissal for failure to prosecute is warranted. First, Plaintiff is proceeding pro se and therefore bears responsibility for prosecuting this action and complying with the Court's Orders. Plaintiff was initially directed to file an Amended

Complaint and a new Application to Proceed Without Prepayment of Fees and Costs, both personally signed by Plaintiff, after the Court determined that the original filings had been prepared and signed by Shannon L. Taylor, a non-attorney who could not represent Plaintiff in federal court. (ECF No. 4). Although the Court expressly warned Plaintiff that failure to comply would result in a recommendation of dismissal, the copy of the Order mailed to Plaintiff at Western Regional Jail and Correctional Facility was returned as undeliverable on May 4, 2026, three days after the deadline for compliance had expired. (ECF Nos. 4, 5). The Clerk remailed the Order that same day to Plaintiff's Scott Depot, West Virginia, address and updated his address on the docket accordingly. (ECF No. 5).

Plaintiff was subsequently afforded another opportunity to comply. On August 26, 2026, the Court entered an Order to Show Cause directing Plaintiff to file an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs, both prepared and signed by Plaintiff, and to explain in a separate written filing why this action should not be dismissed. (ECF No. 7). The Court provided Plaintiff through and including September 25, 2026, to comply and expressly notified him that failure to do so would result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with a court order. (*Id.*). The Clerk was directed to provide Plaintiff with a copy of the April 1, 2026, Order and blank forms necessary to comply. (*Id.*). Nevertheless, Plaintiff did not submit the required documents, respond to the Order to Show Cause, or otherwise communicate with the Court. Thus, notwithstanding the initial difficulty delivering the April 1, 2026, Order, Plaintiff was afforded an additional opportunity to comply with the Court's directives and failed to do so.

Further, although Shannon L. Taylor is separately identified as a plaintiff on the docket, the Complaint identifies Michael D. Taylor as the plaintiff and does not appear to

assert any independent claims on Shannon L. Taylor's behalf. (ECF No. 2). The Court has treated Shannon L. Taylor as a lay representative who cannot prosecute this action on Michael D. Taylor's behalf. (ECF No. 4). Accordingly, Shannon L. Taylor's separate designation on the docket does not alter the conclusion that dismissal of this action is warranted.

The second factor, prejudice to Defendants resulting from the delay, does not weigh heavily in favor of dismissal because Defendants have not yet been served. Nevertheless, the remaining circumstances support dismissal. This action has been pending since May 2025, and Plaintiff has failed to submit the properly executed pleadings necessary for the Court to evaluate his claims and permit this action to proceed. Despite being afforded an additional opportunity to comply through the August 26, 2026, Order to Show Cause, Plaintiff has not taken any action to advance this litigation.

The third factor also supports dismissal to some degree. Although the record does not establish that Plaintiff has deliberately attempted to delay these proceedings, he has failed to comply with the Court's directives requiring him to submit an Amended Complaint and a new Application to Proceed Without Prepayment of Fees and Costs. Plaintiff did not comply with the original May 1, 2026, deadline, and, after being afforded an additional opportunity to comply, he again failed to submit the required documents by September 25, 2026. Moreover, Plaintiff has not responded to the Order to Show Cause or otherwise explained his failure to comply. Thus, Plaintiff's continued inaction has prevented this action from progressing.

Finally, lesser sanctions are unlikely to be effective. The Court has already provided Plaintiff with an additional opportunity to comply with its directives and expressly warned him that failure to do so would result in a recommendation of dismissal. (ECF No.

7). Nevertheless, Plaintiff has neither submitted the required documents nor responded to the Order to Show Cause. Another warning or extension of time would be unlikely to secure compliance in light of Plaintiff's failure to respond to the Court's most recent Order. Under these circumstances, dismissal without prejudice is an appropriate sanction.

Accordingly, the undersigned **FINDS** that Plaintiff has failed to prosecute this action and failed to comply with the Court's Orders and respectfully **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1. In light of the recommended dismissal of this action, the undersigned further **RECOMMENDS** that the pending Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED** as **MOOT**.

## III. Proposal and Recommendations

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Plaintiff's Complaint, (ECF No. 2), be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41.1;

2. The pending Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), be **DENIED** as **MOOT**; and

3. This civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Mazzone.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to transmit a copy of the same to Plaintiff.

**DATED**: October 8, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE